# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**KENNETH L. MOTEN,**

      **Plaintiff,**

**V.**                                                 **Case No: 3:10-cv-882-J-37TEM**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**
_____/

## ORDER

This cause is before the Court on Report and Recommendation ("R&R") (Doc. No. 22) filed on February 16, 2012. The United States Magistrate Judge has submitted a report recommending that the decision of the Commissioner be affirmed. To date, Mr. Moten has not filed an objection.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). After an independent *de novo* review of the record in this matter, the Court respectfully disagrees with Parts IV(D) and V of the R&R and agrees entirely with the findings of fact and conclusions of law in the remaining parts. The Court hereby ADOPTS and CONFIRMS, and makes a part of this Order Parts I, II, III, and IV(A), (B), and (C) of the R&R (Doc. No. 22).

*PART IV(D): Whether the ALJ's Finding That Mr. Moten's Impairments do not Meet or Equal a Listing is Supported by Substantial Evidence and/or Based on Correct Legal Principles*

In Part IV(D) of the R&R, the United States Magistrate Judge analyzed whether the ALJ's finding that Mr. Moten's impairments do not meet or equal a Listing is based on the

correct legal principles and supported by substantial evidence. (*Id.* at 38-41.) Although the Magistrate Judge agreed with the Commissioner, the undersigned respectfully disagrees in this respect and reverses his decision pursuant to sentence four of 42 U.S.C. § 405(g).

As part of the Social Security Administration's ("SSA") five-step sequential evaluation process for determining whether an individual is disabled, at step three, an ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). "To meet the requirements of a listing, [a claimant] must have a medically determinable impairment(s) that satisfies all of the criteria in the listing." 20 C.F.R. § 404.1525(d). To "medically equal" criteria in the Listing, the claimant's impairments must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). "If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment." *Wilson*, 284 F.3d at 1224.

The SSA, in its Hearings, Appeals and Litigation Law Manual ("HALLEX"), sets forth the procedure an ALJ must follow when obtaining medical expert opinion on medical equivalency:

> In a case requiring a finding about medical equivalency, the ALJ must first ask the [medical expert] to describe the claimant's medical impairment(s). The ALJ must

- 2 -

refer the [medical expert] to the Listing of Impairments (Appendix 1 to Subpart P) and elicit testimony about which listing(s) is the most appropriate for comparison with the claimant's impairment(s) and the reason that listing(s) was suggested. Instructions on using the listings are at 20 CFR §§ 404.1525, 416.925. Next, the ALJ must ask questions to elicit an opinion from the [medical expert] about whether the claimant had or has an impairment(s) which medically equals the criteria of the listing, and why.

I-2-5-39 B. Furthermore, it states:

> Medical equivalency is established when:
> - for listed impairments, the signs, symptoms and laboratory findings are not identical to those specified for that impairment, but are of equivalent severity;
> - for unlisted impairments, the signs, symptoms and laboratory findings are equivalent in severity to those of the most closely analogous listed impairment; and
> - for combined impairments, the combination of signs, symptoms and laboratory findings are equivalent in severity to the
> - criteria of a listed impairment.

*Id.*

In this case, Mr. Moten argues that he satisfies Listing 1.02A and should have been found disabled. The Regulations, 20 C.F.R. § 404 Subpart P, Appendix 1, define Listing 1.02A as:

> Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With: Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively . . . .

In his opinion dated June 5, 2008, the ALJ found that Mr. Moten "did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments." (Tr. 38.) Relying on the medical expert's telephone testimony, he concluded:

> Sworn testimony from impartial medical expert and orthopedic surgeon, Dr. Charles Hancock[,] revealed that the claimant's impairments did not meet or medically equal any of the listed impairments during the time period considered herein. The undersigned agrees and finds that the claimant has not satisfied the narrow definition of a listed impairment . . . nor do his impairments equal in severity a listed impairment.

(*Id.*) In reaching this decision, the transcript from the February 21, 2008 hearing reveals that the ALJ failed to follow the SSA procedure described above, and therefore based his decision on an incorrect legal principle. At the hearing, the ALJ first asked Dr. Hancock to describe Mr. Moten's medical history and problems, thereby meeting the first prong of the mandated procedure. (Tr. 661.) Next, however, the ALJ asked, "And during the period of time that we are considering, Dr. Hancock, do you feel that the Claimant met or equaled any listing, sir?" (*Id.* at 664.) Dr. Hancock testified that Mr. Moten did not meet or equal any listing because he never had an established non-union of the leg bones that lasted over a year. (*Id.* at 664, 673, 675, 676.) Later in the hearing, after asking Dr. Hancock whether he reviewed the entire file and "looked at all of these listings," the ALJ repeated his question, "And you feel that he did not meet any or equal any of the listings during the period of time that you're considering?" (*Id.* at 675.) Dr. Hancock's response was, "That's correct." Other than those conclusory questions, the ALJ posed no other questions relevant to step three of the evaluation process.

Based on the established SSA procedure, the ALJ erred by not eliciting testimony about which listing is the most appropriate for comparison with the claimant's impairments and the reason that listing was suggested, and by not asking questions to elicit an opinion from Dr. Hancock about whether the claimant had or has impairments which medically equal the criteria of the listing, and why.

In this instance, the Court finds that the ALJ's failure to fully comply with the SSA procedure constitutes reversible error for the following reason. Dr. Hancock's hearing testimony revealed that his explanation of "equivalence" does not comport with the SSA's definition of that term. Although the Court cannot completely decipher Dr. Hancock's explanation[1], it is rather clear that he was not considering whether the signs, symptoms, and laboratory findings not identical to those specified for that impairment are of equivalent <u>severity</u>. Because the ALJ failed to elicit any further testimony from Dr. Hancock about medical equivalence, and because the record demonstrates that the ALJ solely relied on Dr. Hancock's testimony in reaching his decision at step three of the disability determination, the Court finds that the ALJ's decision was not based on substantial evidence or on a correct legal principle.

Additionally, the Court's review of the record unveiled that neither Dr. Hancock, nor the ALJ, considered the combination of Mr. Moten's impairments, or whether such combination is equivalent in severity to the criteria of a listed impairment. Although the ALJ summarily concluded that Mr. Moten did not have a combination of impairments that met or medically equaled one of the listed impairments, the record's present hollow state disallows the Court's conclusion that the ALJ's finding as to the combination of Mr. Moten's impairments was based on substantial evidence.

### *Mr. Moten's Supplemental Security Income Application*

Mr. Moten protectively filed a claim for Supplemental Security Income ("SSI") payments on May 21, 2008. The ALJ considered this application in his opinion issued June 5, 2008. For his

---

[1] Dr. Hancock testified that to "equal" a listed impairment, "it doesn't mean that equal severity . . . it means that if you . . . have some features of a meet that are not found then you have some other features that have the same type of effect on you, and you can substitute those for one of the missing items in a meets and come out with an equals." (Tr. 220.)

- 5 -

disability insurance benefits claim, Mr. Moten had to have established disability before December 31, 2005, his date last insured. 42 U.S.C. § 423(a)(1)(A). For his SSI claim, however, Mr. Moten should have been allowed to present evidence establishing disability up to the date of the ALJ's decision. 20 C.F.R. § 416.202.

Because the ALJ considered Mr. Moten's SSI claim in his June 5, 2008 opinion, the ALJ correctly referenced the time period from February 17, 2000 to December 31, 2005 and "thereafter." (Tr. 37, 38.) In his conclusion as to step three of the evaluation process, the ALJ stated, as noted above, that Dr. Hancock's testimony revealed that Mr. Moten's "impairments did not meet or medically equal any of the listed impairments <u>during the time period considered herein</u>." (*Id.* at 38) (emphasis added). Indeed, the final paragraph of the ALJ's opinion states that Mr. Moten "was not under a disability as defined in the Social Security Act, at any time from February 17, 2000, the alleged onset date, <u>through the date of this decision</u> . . . ." (Tr. 44) (emphasis added).

The undersigned notes, however, that at the hearing, the ALJ consistently limited all evidence presented to the time period between February 17, 2000 and December 31, 2005 (Tr. 201). The ALJ also applied this limitation to the evidence Dr. Hancock considered in rendering his opinion. (*Id.*)

Thus, because the ALJ considered irrelevant all evidence dated after December 31, 2005 at the February 21, 2008 hearing, Dr. Hancock's testimony did not address the relevant time period for Mr. Moten's SSI claim. Therefore, for the purposes of Mr. Moten's SSI claim, the ALJ's reliance on Dr. Hancock's testimony in determining whether Mr. Moten's impairments or a combination of impairments meet or equal a Listing cannot possibly be based on substantial

evidence. The Court additionally orders that the Commissioner's decision as to Mr. Moten's SSI application be reversed pursuant to sentence four of 42 U.S.C. § 405(g) as it was not based on substantial evidence.

**CONCLUSION**

Therefore, it is **ORDERED** as follows:

1. The Court respectfully disagrees with Parts IV(D) and V of the Report and Recommendation (Doc. No. 22), filed on February 16, 2012, and does not adopt the United States Magistrate Judge's recommendation.

2. The remaining parts of the Report and Recommendation are **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g).

4. The case is **REMANDED** to the Administrative Law Judge to reassess step three of the disability determination evaluation and to conduct any other proceedings deemed appropriate.

5. The Clerk is hereby directed to enter judgment in accordance with this Order and close this case.

**DONE** and **ORDERED** in Jacksonville, Florida on March 22, 2012.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge